UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

**05 11325 RGS**

SPRINT SPECTRUM L.P.,

    Plaintiff,

v.

MAGISTRATE JUDGE MBB

CITY OF LAWRENCE, ZONING BOARD
OF APPEALS OF THE CITY OF LAWRENCE,
FRANCIS A. AUDY, APRIL LYSKOWSKY,
JOSEPH F. SIROIS, RICHARD CONSOLI, and
GAYLE WILLIAMS in their capacities as members
of the Zoning Board of Appeals of the
City of Lawrence,

    Defendants.

**COMPLAINT**

RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY CLK. TDW
DATE 6/23/05

This action arises out of a denial by the Zoning Board of Appeals of the City of Lawrence (the "ZBA") of an application by Sprint Spectrum L.P. ("Sprint Spectrum") for Special Permit and/or Variance relief to attach antennas to the roof of an existing building (the "Building"), and to install associated ground equipment within a fenced compound adjacent to the Building at 355 Park Street, Lawrence, Massachusetts (the "Site"). The ZBA's denial of Sprint Spectrum's request for zoning relief violates Section 704 of the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c).

A.    PARTIES

1.    The Plaintiff, Sprint Spectrum, is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Westwood, Kansas. Sprint Spectrum is building a nationwide wireless personal communications services

1

("PCS") network, and is a personal wireless service provider. Sprint Spectrum holds a Federal Communications Commission ("FCC") license for PCS wireless broadcast in the Massachusetts/Rhode Island area, which includes the City of Lawrence, Massachusetts. Sprint Spectrum is actively building out its PCS system in that area.

2. The defendant City of Lawrence (the "City") is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3. The defendant Zoning Board of Appeals (the "ZBA") is a duly authorized unit of the City that has been delegated the authority to, among other things, approve applications for Special Permits and Variances under the Revised Zoning Ordinances of the City of Lawrence (the "Zoning Ordinance").

4. Upon information and belief, the defendants Francis A. Audy, April Lyskowsky, Joseph F. Sirois, Richard Consoli, and Gayle Williams are each residents of the City and together served as the ZBA that denied Sprint Spectrum's request for the Special Permit and/or the Variance, at issue in this action.

B. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331, as this action arises under the laws of the United States, specifically 47 U.S.C. §332(c).

6. Venue is proper in this Court under 28 U.S.C. §1391(b). The defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

C.     FACTS COMMON TO ALL COUNTS

I. Personal Wireless Communication

7.     Sprint Spectrum is a communications venture committed to providing a single integrated offering of wireless personal communications services by building a national wireless network using PCS technology—technology that uses digital transmission to improve existing wireless telecommunications services.

8.     Portable telephones using PCS digital technology operate by transmitting a very low power radio signal between the telephone and an antenna array mounted on a tower, pole, building, or other structure. The antenna array feeds the signal to an electronic device housed in the small equipment container located near the antenna, where the signal is connected to an ordinary telephone line and then routed anywhere in the world. The antenna and equipment container are known as a "cell site." Because of the low power of the signal, the distance from the cell site to a PCS telephone is limited to a relatively small area. This area is referred to as the base station area or "cell."

9.     In order to provide continuous service to a PCS telephone user, there must be a continuous interconnected series of cells, and the cells must overlap somewhat in a grid pattern approximating a honeycomb. In addition to having continuous coverage in a series of overlapping cells, the system requires that the placement of a cell site within each cell be located in a limited area so that the cell site can properly interact with the surrounding cell sites and provide reliable coverage throughout the cell. Cell sites cannot, however, be located too close to one another without causing disruptive radio frequency interference.

10. To determine the appropriate location of a cell site, Sprint Spectrum's engineers use complex computer programs to complete a propagation study, based on the boundaries of the cell, the boundaries of existing and planned PCS coverage, the topography of the land within such boundary, the presence or absence of structures and other factors. In order for the entire system to be operational, there must be enough cells with properly placed cell sites installed and functioning so that complete coverage can be realized. Only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a cell, there would be no PCS telephone service within that cell.

11. As a result of an extensive propagation study, Sprint Spectrum determined that it required an additional cell site in Lawrence, Massachusetts to fill a substantial and significant gap in its wireless coverage.

12. As a further result of its propagation study and after investigation of the area, Sprint Spectrum identified the Site as the most appropriate available location for the installation of a wireless telecommunications facility.

13. The installation of a wireless telecommunications facility at the Site would permit Sprint Spectrum to address a significant and substantial coverage gap in the Lawrence area.

## II. Federal Statutory Control Over PCS Siting

14. Section 704 of the Federal Telecommunications Act of 1996 (the "1996 Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the

siting of "personal wireless service" facilities such as that proposed by Sprint Spectrum. It provides, in relevant part, that:

    (i)    The regulation of the placement, construction, and modification of personal wireless services facilities by any state or local government or instrumentality thereof –

\* \* \*

        II. shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

\* \* \*

    (ii)    A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless services _within a reasonable period of time_ after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request. (emphasis added).

\* \* \*

    (iii)    Any decision by a state or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. § 332(c)(7)(B).

    15.    The 1996 Act further provides that any person adversely affected by a state or local government's action, or failure to act, that is inconsistent with Section 332(c)(7) may seek expedited review in the federal courts.  47 U.S.C. § 332(c)(7)(B)(v).

### III. Action by the City

    16.    On or about December 20, 2004, the City Building Inspector denied Sprint Spectrum's request for a permit to operate a telecommunications facility at the site.

17. On or about December 27, 2004, Sprint Spectrum applied for a Special Permit from the ZBA, seeking authorization to attach antennas to the roof of the existing Building and to install the required ground equipment (the "Facility") at the Site.

18. By correspondence dated February 11, 2005, Sprint Spectrum submitted additional information to the ZBA, incorporating a request for Variance relief with its application for a Special Permit (the application for a Special Permit and, in the alternative, Variance relief is herein referred to as the "Application").

19. The Facility would permit Sprint Spectrum to fill a substantial coverage gap in its wireless telecommunications network in the Lawrence area.

20. At a public hearing held on March 31, 2005, the ZBA voted to overturn the Building Inspector's decision but to deny the Application. That action was adopted in a written decision by the ZBA and filed with the City Clerk's Office on May 26, 2005. A copy of the ZBA's decision (the "Decision") is attached hereto as Exhibit A.

21. In denying the Application, the ZBA made almost no findings of fact, merely indicating that the Application did not meet the necessary requirements under the Zoning Ordinance for issuing a Special Permit and/or Variance relief. Specifically, the ZBA referenced a 1,000 foot set back requirement, which it knew to prohibit the siting of any telecommunications facility in the area.

22. The Decision has the effect of prohibiting the provision of personal wireless services; the proposed Facility is necessary to remedy a significant gap in Sprint Spectrum's coverage in the Lawrence area.

23. In addition, the Decision results in unreasonable discrimination among providers of functionally equivalent communications services in contravention of the 1996 Act.

24. Moreover, the Decision is not supported by substantial evidence contained in a written record.

25. The ZBA's denial of the Application is in contravention of the 1996 Act.

26. Sprint Spectrum has suffered and will continue to suffer irreparable harm by reason of the ZBA's actions.

27. Such irreparable harm will continue unless the violations are enjoined by this Court. Further, Sprint Spectrum is without an adequate legal remedy to prevent such violations.

### D. COUNTS

(Count I – Violation of Telecommunications Act of 1996)

28. Sprint Spectrum hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 26.

29. Article VI, Clause 2 of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof ... shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding."

30. The 1996 Act governs the regulation of the placement, construction, and modification of personal wireless service facilities, and under the Supremacy Clause,

preempts other regulations affecting such facilities to the extent that such other regulation conflicts with federal law.

31. Sprint Spectrum's application constitutes a request to provide "personal wireless services" within the meaning of the 1996 Act, and, as such, is entitled to the protection of the 1996 Act.

32. However, in contravention of the 1996 Act, the ZBA, on the City's behalf, denied the Application, and made insufficient and erroneous findings in support of that denial.

33. Such denial violated the 1996 Act in that it prohibited or had the effect of prohibiting the provision of personal wireless services in the Lawrence area, and was not supported by substantial evidence.

34. Such denial also violated the 1996 Act in that the ZBA's actions have unreasonably delayed Sprint Spectrum's ability to build out its PCS system in Lawrence, Massachusetts in accordance with its FCC license.

35. Accordingly, the ZBA's actions should be declared to be in violation of, and preempted by, the 1996 Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, the Court should exercise its power to issue an order commanding the ZBA to grant to Sprint Spectrum the Special Permit and/or Variance relief requested.

(Count II – Declaratory Judgment, 28 U.S.C. §2201)

36. Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 34.

37. The ZBA, acting on behalf of the City, denied the Application for a Special Permit and/or Variance relief.

38. The ZBA's denial of the Application constitutes a violation of the 1996 Act as described above.

39. An actual controversy exists due to the ZBA's wrongful denial of the Application.

40. Sprint Spectrum is entitled to a declaration that the Defendants have violated the provisions of the 1996 Act as a result of the denial of the Application.

41. In addition to a declaratory judgment, Sprint Spectrum is entitled to such other and further relief as may be available under 28 U.S.C. § 2202, including, but not limited to, injunctive relief.

E. PRAYERS FOR RELIEF

WHEREFORE, Sprint Spectrum respectfully requests the following relief:

1. Money damages for, among other things, lost profits resulting from the ZBA's wrongful actions.

2. A declaration and judgment that the ZBA's actions violated the 1996 Act and are therefore void and invalid;

3. A declaration and judgment that the ZBA's actions are preempted by the 1996 Act and are therefore void and invalid;

4. A declaration and judgment that the ZBA's actions are in excess of its authority, arbitrary, capricious and legally untenable under federal law and are therefore void, invalid and annulled;

5. A declaration of the respective rights and obligations of the parties;

6. An order mandating that the ZBA grant approval of the Application for a Special Permit and/or Variance relief, and that the City, by and through its duly authorized units, issue

    to Sprint Spectrum all other municipal permits and authorizations required to allow Sprint Spectrum to install the Facility at the Site with all deliberate speed;

7. An expedited review of the matters set forth in this Complaint;

8. An award of Sprint Spectrums costs of suit herein, including reasonable attorneys' fees; and

9. Such other and further relief as the Court deems meet and just.

            **SPRINT SPECTRUM L.P.**

            By its attorneys,

            _____
            Wayne F. Dennison (BBO #558879)
            Jennifer L. Brooks (BBO #649126)
            **BROWN RUDNICK BERLACK ISRAELS** LLP
            One Financial Center
            Boston, MA 02111
            (617) 856-8200

June 23, 2005

# 50217160 v1 - BROOKSJL - 080655/0106

| ZONING BOAR OF APPEALS |  | LAWRENCE MASSACHUSETTS |
|---|---|---|
| *Voting Members*<br>Richard P. Consoli  Gayle Williams<br>April Lyskowsky  Joseph F. Sirois<br>*Associate Voting Members*<br>Kemal Bozkurt  Daniel Clark | *Chairman*<br>Francis A. Audy | *Administrative Assistant*<br>Anne-Marie Nyhan-Doherty<br>*Land Use Planner*<br>Daniel A. McCarthy |

RECEIVED
MAY 2 6 2005
CITY CLERK

### NOTICE OF DECISION

CASE NO.                      3240

DATE OF HEARING:              March 31, 2005

APPLICANT/PETITIONER:         Sprint/TerraSearch, LLC, 270 Centre St.
                              Holbrook, MA

PREMISES AFFECTED:            355 Park St.

**Referring to:** The above request for an Appeal of the Building Commissioner's denial of a permit (pursuant to Section 29-32) to install a proposed telecommunications facility and if the Building Commissioner's determination is overturned, a request for Variances from Section 29-17 (2)(e)(5)(B) and 29-17 (2)(e)(7) and a Special Permit in accordance with Section 29-11(B) of the Revised Zoning Ordinances of the City of Lawrence. The property is located in a R-3/R-4 zoning district.

After a public hearing on the above-mentioned date, the Zoning Board voted to overturn the Building Commissioner's determination but to deny the request for the Special Permit and Variances as described above. Appeals to this decision shall be made pursuant to MGL Chapter 40A, Section 17, and shall be filed within twenty days after the filing date of this notice in the office of the City Clerk.

THIS DECISION WAS FILED WITH THE CITY CLERK ON  5/26/05  .

Signed:

_____           _____
FRANCIS A. AUDY                     APRIL LYSKOWSKY
CHAIRMAN                            VOTING MEMBER

_____           _____
RICHARD CONSOLI                     GAYLE WILLIAMS
VOTING MEMBER                       VOTING MEMBER

_____
JOSEPH SIROIS
VOTING MEMBER

# ZONING BOARD
# OF APPEALS

**Voting Members**
Richard P. Consoli  Gayle Williams
April Lyskowsky  Joseph F. Sirois
**Associate Voting Members**
Kemal Bozkurt  Daniel Clark



*Chairman*
Francis A. Audy

# LAWRENCE
# MASSACHUSETTS

**Administrative Assistant**
Anne-Marie Nyhan-Doherty
*Land Use Planner*
Daniel A. McCarthy

## STATEMENT OF FACTS

| | |
|---|---|
| CASE NO. | 3240 |
| DATE OF HEARING: | March 31, 2005 |
| APPLICANT/PETITIONER: | Sprint/TerraSearch, LLC, 270 Centre St. Holbrook, MA |
| PREMISES AFFECTED: | 355 Park St. |

A meeting of the Zoning Board of Appeals was held in the City Council Chambers, City Hall, 200 Common St., Lawrence, MA, commencing at 7:00 PM on March 31, 2005. Present and voting on this application were Francis A. Audy, Chairman and April Lyskowsky, Richard Consoli, Gayle Williams and Joseph Sirois, Voting Members.

Pursuant to public notice in the Lawrence Eagle Tribune, a newspaper of general circulation in the City of Lawrence, published on January 13th and 20th and February 10th and 17th, 2005 and pursuant to notice sent by mail, postage prepaid to the petitioner/applicant and owners of all property deemed by the Board to be affected thereby, as they appear on the most recent tax list, a public hearing was held on the petition/application of Sprint/TerraSearch, LLC. The property is located in a R-3/R-4 zoning district.

On December 20, 2004, Luis Waldron, Commissioner of Buildings for the City of Lawrence denied the request presented by or on behalf of the Applicant, Sprint/TerraSearch LLC, for approval of a permit for a telecommunications facility on a parcel known as 355 Park Street located in a R-4 District. The Commissioner determined that the proposed use is prohibited in a R-4 District under Section 29-11 B of the Revised Zoning Ordinance.

On December 27, 2004, the Applicant filed an Appeal with the City Clerk requesting an Appeal from the Decision of the Building Commissioner's determination not to issue a permit per Section 29-32 and if overturned, a request for a Special Permit in accordance with Section 29-11 (B) of the Revised Zoning Ordinances of the City of Lawrence for a permit for a wireless facility which is located in a R-4 Zoning District.

On January 27, 2005, Sprint/TerraSearch LLC, through it's representative requested a continuance to advertise in addition to the previous legal notice for a request for Variances from Sections 29-17(o)(2)(e)(5) A, 29-17(o)(2)(e)(5) B, 29-17(0)(2)(e)(6) & 29-17(o)(2)(e)(7). The Board voted 5-0 to continue the petition to February 24, 2005.

On February 24, 2005, Sprint/TerraSearch LLC, through it's representative requested a continuance. The Board voted 5-0 to continue the petition to March 10, 2005.

On March 10, 2005, Sprint/TerraSearch LLC, through it's representative requested a continuance. The Board voted 5-0 to continue the petition to March 31, 2005.

On March 31, 2005, Tim Green, Project Manager and Keith Vellante, Radio Frequency Consultant appeared before the Board.

Mr. Green stated that the antennas in question where installed on the roof at 467 Broadway Street, located in a B-2 District, with the approval of the Board in 2003. Subsequently, due to a fire on December 1, 2004, the antennas were installed at 355 Park Street on December 7, 2004, on an emergency bases per the Building Department.

Continuing his comments he explained the that the Park Street location is within 60 feet of a B-2 District and Sprint/TerraSearch LLC is not adding coverage but merely replacing the coverage it lost when the site at 467 Broadway was destroyed.

Board members and members of the community expressed concerns with regard to alternative sites located in both Business and Industrial Zoning Districts and the possible location at Malden Mills. Also, to the north of the City in Methuen, MA where elevations and zoning districts may be more appropriate for Sprint/TerraSearch LLC needs rather than placing the antennas in a residential zoning district where the proposed use is prohibited.

In rebuttal, Mr. Green stated that Malden Mills was not leaseable but had not revisited Malden Mills as an alternative within the last two years. Also, there were issues concerning the Methuen Historic Commission.

The Board, after listening to the presentations, after reviewing the application and site plan, after viewing the site, after a public hearing, where opposition was expressed, voted 3-2 to overturn the Building Commissioner's determination.

At this time, the Board entertained the petitioner's requests for the Variances and Special Permit. Mr. Green stated that there will be three antennas all white and the cables will be painted to match the brick façade of the building and a wooden fence will surround the cabinets.

The ZBA added the following conditions if approval were to be granted and the Petitioner agree to the conditions:

       1. That the Petitioner file a new bond or transfer the bond on file for the Broadway Street location to 355 Park Street and

    2. That planters be placed around the stockade fence.

FINDING OF FACTS FOR VARIANCE

    The ZBA found that:

1. Owing to circumstances relating to soil conditions, shape, or topography of such land, buildings, or structures and especially affecting such land, buildings, or structures, but not affecting generally the zoning district in which it is located a literal enforcement of the dimensional provisions of the ordinance would not involve substantial hardship, financial or otherwise, to the petitioner or appellant;
2. That desirable relief may not be granted without substantial detriment to the public good; and
3. That desirable relief may not be granted without nullifying or substantially derogating from the intent or purpose of such ordinance.

And further that a Special Permit would not be granted because:

1. The traffic generated by the use will be detrimental to the neighborhood.
2. The use will be detrimental to the area in which it is to be located.
3. The use will result in any objectionable fumes, noise, chemicals spills or hazardous wastes.
4. The hours of operation are not compatible with the uses in the neighborhood.

Therefore, after listening to the presentations, after reviewing the application and site plan, after viewing the site, after a public hearing, where opposition was expressed, the ZBA voted 3-2 to deny the petition.

Sprint/TerraSearch, LLC
355 Park St.

The twenty-day appeal process was explained as noted below:

**APPEALS**

Appeals to this decision shall be made pursuant to MGL Chapter 40A, Section 17, and shall be filed within twenty days after the filing date of this notice in the office of the City Clerk.

THIS DECISION WAS FILED WITH THE CITY CLERK ON  5/26/05.

Signed:

_____
FRANCIS A. AUDY
CHAIRMAN

_____
RICHARD CONSOLI
VOTING MEMBER

_____
APRIL LYSKOWSKY
VOTING MEMBER

_____
GAYLE WILLIAMS
VOTING MEMBER

_____
JOSEPH F. SIROIS
VOTING MEMBER

A TRUE COPY
ATTEST

_____
City Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Sprint Spectrum L.P. v. City of Lawrence**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05 11325 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Wayne F. Dennison**
ADDRESS   **Brown Rudnick Berlack Israels LLP, One Financial Center**
          **Boston, MA 02111**
TELEPHONE NO.   **(617) 856-8200**

(CategoryForm.wpd - 5/2/05)

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sprint Spectrum L.P.

(b) County of Residence of First Listed Plaintiff: Kansas
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Wayne F. Dennison, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center, Boston, MA 02111
(617 856-8200)

**DEFENDANTS**
City of Lawrence, Zoning Board of Appeals of the City of Lawrence

County of Residence of First Listed Defendant: Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (Place an "X" in One Box Only)
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Defendant violated 47 USC Sec. 332(c) and 42 USC Sec. 1983 in denying a personal wireless service facility siting request.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 6/23/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____