UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11325 RGS

| | |
|---|---|
| SPRINT SPECTRUM, L.P.,<br>        Plaintiff<br><br>v.<br><br>CITY OF LAWRENCE, ZONING BOARD<br>OF APPEALS OF THE CITY OF LAWRENCE,<br>FRANCIS A. AUDY, APRIL LYSKOWSKY,<br>JOSEPH F. SIROIS, RICHARD CONSOLI, and<br>GAYLE WILLIAMS in their capacities as members<br>Of the Zoning Board of Appeals of the<br>City of Lawrence,<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER

### A. ANSWERING PARTIES

Now come the Defendants in the above-entitled action and, in answer to the Plaintiff's complaint, respond as follows:

1. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

2. The Defendants admit the allegations as contained in Paragraph 2 of the Plaintiff's complaint.

3. The Defendants admit the allegations as contained in Paragraph 3 of the Plaintiff's complaint and in further answering state that the Zoning Board of Appeals (the "ZBA") derives its authority pursuant to Massachusetts General Laws Chapter 40A.

4. The Defendants admit the allegations as contained in Paragraph 4 of the Plaintiff's complaint.

## B. ANSWERING JURISDICTION AND VENUE

5. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

6. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

## C. ANSWERING FACTS COMMON TO ALL COUNTS

### I. Personal Wireless Communication

7. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

8. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

9. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

10. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

11. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

12. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

13. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

## II. ANSWERING FEDERAL STATUTORY CONTROL OVER PCS SITING

14. The Defendants admit that 47 U.S.C. § 332 (c) governs federal, state and local government regulation of the siting of "personal wireless service" facilities but is without sufficient knowledge or information to either admit or deny the remainder of the allegations contained in Paragraph 14 of the Plaintiff's complaint regarding the facilities proposed by Sprint Spectrum, and call upon the Plaintiff to prove same.

15. The Defendants admit the allegations as contained in Paragraph 15 of the Plaintiff's complaint.

## III. ANSWERING ACTION BY THE CITY

16. The Defendants admit the allegations as contained in Paragraph 16 of the Plaintiff's complaint.

17. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 17 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

18. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 18 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

19. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

20. The Defendants admit the allegations as contained in Paragraph 20 of the Plaintiff's complaint.

21. The Defendants deny the allegations as contained in Paragraph 21 of the Plaintiff's complaint and in further responding, state that the reason for denial of the Plaintiff's permit was the result of a finding of fact, which Plaintiff states in Paragraph 21.

22. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 22 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

23. The Defendants deny the allegations as contained in Paragraph 23 of the Plaintiff's complaint.

24. The Defendants deny the allegations as contained in Paragraph 24 of the Plaintiff's complaint

25. The Defendants deny the allegations as contained in Paragraph 25 of the Plaintiff's complaint

26. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 26 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

27. The Defendants deny the allegations contained in Paragraph 27 of the Plaintiff's complaint.

### D. ANSWERING COUNTS

(Count I – Violation of Telecommunications Act of 1996)

28. The Defendants hereby adopt and incorporate by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 27.

29. The Defendants admit the allegations as contained in Paragraph 29 of the Plaintiff's complaint.

30. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 30 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

31. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

32. The Defendants deny the allegations as contained in Paragraph 32 of the Plaintiff's complaint

33. The Defendants deny the allegations as contained in Paragraph 33 of the Plaintiff's complaint

34. The Defendants deny the allegations as contained in Paragraph 34 of the Plaintiff's complaint and in further answering state that the ZBA's actions were not unreasonable.

35. The Defendants deny the allegations as contained in Paragraph 35 of the Plaintiff's complaint and in further answering state that Defendant ZBA's actions were within its authority pursuant to the Telecommunications Act of 1996 and the Supremacy clause of the United States Constitution.

(Count II – Declaratory Judgment, 28 U.S.C. § 2201)

36. The Defendants hereby adopt and incorporate by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 35.

37. The Defendants admit the allegations as contained in Paragraph 37 of the Plaintiff's complaint.

38. The Defendants deny the allegations as contained in Paragraph 38 of the Plaintiff's complaint.

39. The Defendants deny the allegations as contained in Paragraph 39 of the Plaintiff's complaint.

40. The Defendants deny the allegations as contained in Paragraph 40 of the Plaintiff's complaint.

41. The Defendants deny the allegations as contained in Paragraph 41 of the Plaintiff's complaint.

WHEREFORE, The Defendants, City of Lawrence, Zoning Board of Appeals of the City of Lawrence, Francis A. Audy, April Lyskowsky, Joseph F. Sirois, Richard Consoli and Gayle Williams, in their capacities as members of the Zoning Board of Appeals of the City of Lawrence, respectfully request this Honorable Court rule as follows:

1. Deny the Plaintiff's request for money damages for lost profits and/or other related matters;

2. Declare the ZBA's action did not violate the 1996 Act;

3. Declare the Defendant ZBA's actions were within their authority and are not preempted by the 1996 Act;

4. Confirm the Defendant ZBA did not exceed its authority in this matter;

5. Declare and confirm the rights and obligations of the Defendant ZBA;

6. Deny Plaintiff's request for an order mandating the Defendant ZBA grant approvals of Plaintiff's petition as presented to the ZBA;

7. Dismiss the Plaintiff's complaint, with prejudice, without interest, costs or attorneys' fees; and

8. Order any and all such other relief as this Honorable Court deems just and appropriate.

    Respectfully submitted,

    Defendants, The City of Lawrence, the Zoning Board of Appeals of the City of Lawrence, Francis A. Audy, April Lyskowsky, Joseph F. Sirois, Richard Consoli, and Gayle Williams in their capacities as members of the Zoning Board of Appeals of the City of Lawrence,

    By their attorney,

    Richard J. D'Agostino, Esquire
    BBO # 633984
    Assistant City Attorney
    City of Lawrence
    200 Common Street
    Lawrence, MA 01840
    (978) 794-5800

DATE:   July 7, 2005

## CERTIFICATE OF SERVICE

I, Richard J. D'Agostino, Esquire, hereby certify that on this day, I have caused to be served, via first class mail, postage prepaid, the attached <u>Defendants' Answer,</u> upon Wayne F. Denison, Esquire, One Financial Center, Boston, MA 02111, counsel for the Plaintiff, Sprint Spectrum, L.P.

                                                         *[signature]*
                                              Richard J. D'Agostino, Esquire

DATE:      July 15, 2005